UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROMARIO LORENZO, on Behalf of himself
And All Others Similarly Situated,

                           Plaintiffs,                  **COLLECTIVE ACTION**
                                                                        **COMPLAINT WITH**
      -vs.-                                                    **JURY DEMAND**

12 CHAIRS BYN LLC d/b/a 12 CHAIRS CAFE,

                           Defendants.
-------------------------------------------------------------------X

      Plaintiff, ROMARIO LORENZO, (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated (collectively as "FLSA Plaintiffs") by and through his attorneys, THE LAW OFFICES OF WILLIAM CAFARO, as and for his Complaint against 12 CHAIRS BYN LLC d/b/a 12 CHAIRS CAFE, ("Defendant" or "12 Chairs Cafe"), allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendant's flagrant and willful violations of Plaintiffs' rights guaranteed to him by: (i) the minimum wage provisions of the Fair Labor Standards Act ("FLSA), 29 U.S.C. §§ 201 *et seq.*; (ii) the minimum wage provisions of the New York Labor Law ("NYLL"), Article 19, §§ 650 *et seq.*; (iii) the overtime provisions of the FLSA, 29 U.S.C. § 207(a); (iv) the overtime provisions of NYLL § 160 and the corresponding N.Y. Comp. Codes R. & Regs ("NYCCRR"); (v) the requirement that employers furnish employees with wage statements on each payday containing specific categories of information under the NYLL § 195(3); (vi) the requirement that employers furnish employees with a wage notice at the time of hiring containing specific categories of accurate information, NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

1

2. Plaintiff worked for Defendants - - an Israeli Restaurant- - as a dishwasher, cook, kitchen helper, and occasional delivery person for the Defendants from on or about January 2017 to on or about December 14, 2020. Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, well over 40 hours per week. However, Defendant failed to pay Plaintiff at the minimum wage or overtime rate of pay of one and one-half times his regular rate of pay for each hour that Plaintiff worked per week in excess of forty, as the FLSA and the NYLL require. Furthermore, Defendants failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as the NYLL requires or provide Plaintiff with a wage notice containing the criteria enumerated under the NYLL.

3. Defendant paid and treated of all their non-managerial employees who worked for them in the same manner.

4. Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff also brings his claims under the NYLL and its implementing regulations on behalf of himself, individually, and on behalf of any FLSA Plaintiff who opts into this action.

## **JURISDICTION AND VENUE**

5. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367, which confers supplemental jurisdiction on this Court for claims arising under New York law.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

7. At all relevant times, Plaintiff was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

8. At all relevant times herein, 12 Chairs Cafe was and is a domestic limited liability corporation with its principal place of business located at 342 Wythe Ave, Brooklyn, NY 11249.

9. At all relevant times herein, Defendant was an "employer" within the meaning of the FLSA, NYLL, and the NYCCRR. Additionally, Defendant's qualifying annual business exceeded $500,000, and Defendant was engaged in interstate commerce within the meaning of the FLSA as it used supplies in the course of business, much of which originated in states other than New York, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendant's employees, including Plaintiff and the FLSA Plaintiffs were individually engaged in interstate commerce as they frequently used goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendant to the overtime wage requirements of the FLSA with respect to Plaintiffs and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff seeks to bring this suit to recover from Defendants his full payment of all unpaid minimum wage and overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as non-managerial employees who give consent to file a claim to recover damages for minimum wage compensation that is legally due to them and/or overtime compensation that is legally due to them for time worked in excess of forty hours per week ("FLSA Plaintiffs").

11. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours each workweek; (5) were not paid the required minimum wage rate; and (6) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

12. At all relevant times, Defendant was aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet Defendant purposefully chose not to do so. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay their employees overtime compensation, in violation of the FLSA.

## BACKGROUND FACTS

13. Defendant owns and operates an Israeli Restaurant in Brooklyn, New York

14. Throughout his employment, Plaintiff worked for Defendant as a kitchen helper. Throughout his employment, his job consisted of cooking, preparing food, washing dishes, stocking merchandise, moping, sweeping, cleaning the floors and taking out trash.

15. From the beginning of his employment through the end of 2019, Plaintiff worked six days per week - 3:00 p.m. through 12:00 p.m. - for a total of at least 54 hours. When the need arose, he worked more than this.

16. From the beginning of 2020 through the end of his employment, he worked five days per week - 6:00 a.m. through 4:00 p.m. three days per week and 3:00 p.m. through 12:00 p.m. – for a total of at least 48 hours. When the need arose, he worked more than this.

17. From the beginning of his employment through the end of 2018, Defendant paid Plaintiff a fixed weekly salary of $450.00, which was only intended to cover the first forty hours that he worked each week.

18. From the beginning of through the end of 2018, Defendant paid Plaintiff a fixed weekly salary of $450.00, which was only intended to cover the first forty hours that he worked each week.

19. During 2019, Defendant paid Plaintiff a fixed weekly salary of $500.00, which was only intended to cover the first forty hours that he worked each week.

20. During 2020, Defendant paid Plaintiff a fixed weekly salary of $5=600.00, which was only intended to cover the first forty hours that he worked each week.

21. Throughout his entire employment, Defendant failed to compensate Plaintiff with the applicable minimum wage, as required under the FLSA and NYLL.

22. Plaintiff worked more than forty hours in all workweeks in which Defendant employed him. For example, during the week of January 7, 2018, Plaintiff worked at least 54 hours and Defendant paid him $450.00, which covered only the first forty hours that he worked that week.

23. Throughout his entire employment, Defendant paid Plaintiff, on a weekly basis, without providing him with wage statements that properly reflected the amount of hours that he actually worked, his regular rate of pay, or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

24. Defendant intentionally did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendant; the name and physical addresses of Defendant; any "doing business as" names used by Defendant; and Defendant's mailing addresses and telephone numbers.

25. Despite Plaintiff's repeated complaints about Defendants paying him improperly (i.e., not paying him overtime or other compensation due to him), Defendants willfully failed to pay him properly. Indeed, they acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

26. Every hour that Plaintiff worked was for Defendant's benefit.

27. Defendant treated all FLSA Plaintiffs in the manner described above.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Minimum Wage under the FLSA*

28. Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

29. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect the Plaintiff and the FLSA Plaintiffs.

30.     Defendant has failed to pay the proper statutory minimum wage to which Plaintiff and the FLSA Plaintiffs have been entitled under the FLSA.

31.     Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendant was aware or should have been aware that the practices described in this Complaint were unlawful.  Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the FLSA Plaintiffs

32.     As Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

33.     As a result of Defendant's violations of the FLSA, the Plaintiff and the FLSA Plaintiffs has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### *SECOND CLAIM FOR RELIEF AGAINST DEFENDANT*
*Unpaid Minimum Wage under the NYLL*

34.     The Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

35.     At all times herein pertinent, the Plaintiff and any FLSA Plaintiff who opts-in to this action were employees of Defendant within the meaning of the New York Labor Law.

36.     Defendant is an employer of the Plaintiff and any FLSA Plaintiff who opts-in to this action within the meaning of the New York Labor Law.

37.     The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant.

38. Defendant has failed to pay the Plaintiff and any FLSA Plaintiff who opts-in to this action the proper minimum wages to which they were entitled under the New York Labor Law.

39. By Defendant's failure to pay the Plaintiff and any FLSA Plaintiff who opts-in to this action Plaintiffs proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

40. Due to Defendant's violations of the New York Labor Law, Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime under the FLSA*

41. Plaintiff and the FLSA Plaintiffs hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

42. Defendant was required to directly pay the Plaintiff and the FLSA Plaintiffs an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

43. As described above, Defendant was an employer within the meaning of the FLSA, while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

44. As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty (40) hours per week, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

45. The Defendant willfully violated the FLSA.

46. As such, Plaintiff and the FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty (40) at the rate of one and one-half times their respective standard rate of pay.

47. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for the Defendant's violation of the FLSA's overtime provisions.

48. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### *FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS*
*Unpaid Overtime under the NYLL*

49. Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

50. Defendant was required to directly pay the Plaintiff and any FLSA Plaintiff who opts-in to this action an overtime premium of one and one-half times their regular rate of pay for all hours worked over forty (40) in a given workweek.

51. As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL.

52. As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action worked in excess of forty (40) hours per week, yet Defendant failed to compensate them in accordance with the NYLL's overtime provisions.

53. Due to Defendant's violations of the New York Labor Law, Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to recover from Defendant their unpaid overtime

wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Wage Statements in Violation of the NYLL*

54. Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

55. NYLL § 195(3) requires employers to furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to employees.

56. As described above, the Defendant willfully failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action with accurate wage statements containing the criteria required under the NYLL.

57. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to the Plaintiff and any FLSA Plaintiff who opts-in to this action for each workweek after the violation occurred, up to the statutory cap of $2,500.

58. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendant is liable to the Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

59. Plaintiff and any FLSA Plaintiff who opts-in to this action hereby incorporate all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

60. The NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

61. Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

62. Defendant willfully failed to provide Plaintiff and any FLSA Plaintiff who opts-in to this action with a wage notice containing the criteria enumerated under the NYLL.

63. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $50.00 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

64. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

65. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against the Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

11

  b. Preliminary and permanent injunctions against Defendant and its agents, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendant from any retaliation against any individual for participating in any form in this lawsuit;

  d. Designation of this action as a FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for the Defendant's unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred regarding this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA and the FRCP;

  i. Pre-judgment and post-judgment interest, as provided by law; and

  j. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Dated:  New York, New York
   September 8, 2022

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

_____
Louis M. Leon (LL 2057)
*Attorneys for Plaintiffs*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
LLeon@Cafaroesq.com

13